UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW POPP, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Case No.   1:23-cv-01221-ADA-EPG<br><br>ORDER GRANTING MOTIONS TO APPOINT GUARDIAN AD LITEM<br><br>(ECF No. 6, 7) |

Plaintiffs Andrew Popp and Rosa Popp filed this action under the Federal Tort Claims Act with minor Plaintiffs A.P. and E.L. listed as proceeding through Rosa Popp as their guardian ad litem. (ECF No. 1). Now before the Court are two motions to appoint Plaintiff Rosa Popp as the guardian ad litem for the minor Plaintiffs. (ECF Nos. 6, 7). For the following reasons, the Court will grant the motion.

**I.     SUMMARY OF THE MOTION**

The motions state that A.P. and E.L. are each 10 years old, are the daughters of Rosa Popp, and reside with her. Neither of the minors have a guardian, and Rosa Popp is willing to serve as a Guardian ad Litem of the minors and is fully competent to understand and protect the rights of the minors and has no interest adverse to them.

As to counsel's interest, the motion states as follows:

[A.P. and E.L.] retained Daniel L. Carter, Esq. of Carter Law Group ("Petitioner's Counsel") as [their] counsel in this matter under the terms of a contingency

1

> retainer agreement. Petitioner's Counsel did not become involved in this matter at the instance of any defendant in this matter, directly or indirectly. Petitioner's Counsel has no relationship of any kind with any defendant in this matter. Petitioner's Counsel has not received any compensation from anyone in this matter. Petitioner's counsel does not expect to receive any compensation from anyone in this matter other than attorneys' fees and costs after a favorable verdict or settlement.

(ECF No. 6, p. 2; ECF No. 7, p. 2).

## II.     LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
> 
>        . . . .
> 
> (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

Further, while not applicable at this stage of the proceedings, the Court notes that any settlement of a minor's claim needs to be submitted to the Court for approval under Local Rule 202(b).

### III. DISCUSSION

The minor Plaintiffs lack the capacity to sue under California law. *See Ramirez Fonua v. City of Hayward*, No. 21-CV-03644 SBA, 2022 WL 36007, at *1 (N.D. Cal. Jan. 4, 2022) ("Under California law, an individual under the age of eighteen may enforce his or her rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must conduct the action or proceedings.") (citing Cal. Fam. Code §§ 6500, 6601). Therefore, appointment of a guardian ad litem is necessary and appropriate. There does not appear to be any conflict of interest between Rosa Popp and the minor Plaintiffs. Additionally, there is nothing to indicate that Rosa Popp would not act in the minor Plaintiffs' best interests.

### IV. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that the motions (ECF Nos. 6, 7) to appoint Rosa Popp as the guardian ad litem for Plaintiffs A.P. and E.L. are granted. Rosa Popp shall serve as the guardian ad litem for Plaintiffs A.P. and E.L. in this action. Should there be a settlement of the minor Plaintiffs' claims, counsel is directed to seek court approval as required by Local Rule 202(b).

IT IS SO ORDERED.

Dated: __November 8, 2023__              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

3