UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANDREW POPP, an individual; ROSA POPP, an individual; E.L., a minor by and through her guardian ad litem, ROSA POPP; A.P., a minor by and through her guardian ad litem, ROSA POPP,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 1:23-cv-01221 WBS EPG<br><br>ORDER APPROVING MINORS' COMPROMISE |

----oo0oo----

Plaintiffs brought this suit against the United States as a result of a car accident involving an employee of the U.S. Department of Agriculture in October 2021.  After the parties agreed to a settlement for a total of $50,000, minors E.L. and A.P., by and through their guardian ad litem and mother Rosa Popp, moved for approval of the compromise of their claims.

1

1    (Docket No. 41.)  The court held a hearing on the motion on
2    February 24, 2025.
3            Under the Eastern District of California's Local Rules,
4    the court must approve the settlement of the claims of a minor.
5    E.D. Cal. L.R. 202(b).  The party moving for approval of the
6    settlement must provide the court "information as may be required
7    to enable the [c]ourt to determine the fairness of the settlement
8    or compromise[.]"  Id. at L.R. 202(b)(2); see also Robidoux v.
9    Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011) (stating that
10   district courts have a duty "to safeguard the interests of minor
11   plaintiffs" that requires them to "determine whether the net
12   amount distributed to each minor plaintiff in the proposed
13   settlement is fair and reasonable[.]").  District courts must
14   "limit the scope of their review to the question whether the net
15   amount distributed to each minor plaintiff in the settlement is
16   fair and reasonable, in light of the facts of the case, the
17   minor's specific claim, and recovery in similar cases." Id. at
18   1181-82.
19           Under the proposed settlement, plaintiff E.L. will
20   receive a net amount of $2,835.40 and Carter Law Group will
21   receive $1,250.00 in attorney's fees, $392.32 in advanced case
22   costs, $53.20 to be paid to Bright Pediatrics & Endocardiograph,
23   and $469.08 to be paid to CSAA insurance to satisfy medical
24   payment reimbursement for medical care previously provided.
25   Plaintiff A.P. will receive a net amount of $3,018.40 and Carter
26   Law Group will receive $1,250.00 in attorney's fees, $363.61 in
27   advanced case costs, $53.20 to be paid to Bright Pediatrics &
28   Endocardiograph, and $314.79 to be paid to CSAA insurance to

1    satisfy medical payment reimbursement for medical care previously
2    provided.  Plaintiffs Rosa Popp and Andrew Popp will receive
3    $28,145.05 in net recovery and Carter Law Group will receive
4    $10,000.00 in attorney's fees, $461.39 for costs and expenses,
5    $105.77 to be paid to Anthem Blue Cross for reimbursement for
6    medical services paid, and $1,287.80 to be paid to CSAA insurance
7    to satisfy medical payment reimbursement for medical care
8    previously provided.[1]

9         The court, after considering all of the relevant
10   submissions, finds that the settlement is fair, reasonable, and
11   in the best interest of minors E.L. and A.P.. See E.D. Cal. L.R.
12   202(b).  The settlement is for a substantial sum, considering the
13   injuries allegedly suffered by the minor plaintiffs, and it is
14   not certain that plaintiffs would recover that amount against
15   defendants if the case proceeded to trial.  The court also notes
16   that the total amount plaintiffs' counsel will receive as fees
17   amounts to  25% of the total recovery, which is consistent with
18   the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2678,
19   and which is the "benchmark" for attorney's fees in contingency
20   cases involving minors in the Eastern District of California.[2]
21   See Chance v. Prudential Ins. Co. of Am., No. 1:15-cv-1889 DAD

---

[1]    The $50,000 total settlement is divided between the parties such that the two minors each receive a gross $5,000 payment and Rosa and Andrew Popp receive a gross $40,000 payment, and then the various attorney's fees, expenses, and medical payments are deducted from those gross amounts.

[2]    Notably, plaintiffs' counsel represented at the hearing on this motion that he had initially advised plaintiffs to reject the government's settlement offer, but plaintiffs, including the mother acting as guardian ad litem for E.L. and A.P., decided of their own accord to accept the offer.

JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (collecting cases).

IT IS THEREFORE ORDERED that the motion for approval of minors' compromise filed by plaintiffs E.L. and A.P., by and through their guardian ad litem and mother Rosa Popp, (Docket No. 41) be, and the same hereby is, GRANTED.  The court orders as follows:

1.  Defendant United States of America shall pay the total sum of $50,000.00 in accordance with the parties' settlement agreement and distributed as follows:

a.  $2,835.40 to plaintiff E.L. payable by electronic funds transfer to Wells Fargo to be deposited into a blocked account.

b.  $2,164.60 payable by electronic funds transfer to Carter Law Group attorney client trust account for attorney's fees ($1,250.00), advanced case costs ($392.32), payment to Bright Pediatrics & Endocardiograph ($53.20) and payment to CSAA insurance to satisfy medical payment reimbursement for medical care previously provided ($469.08).

c.  $3,018.40 to plaintiff A.P. payable by electronic funds transfer to Wells Fargo to be deposited into a blocked account.

d.  $1,981.60 payable by electronic funds transfer to Carter Law Group attorney client trust account for attorney's fees ($1,250.00), advanced case costs ($363.61), payment to Bright Pediatrics & Endocardiograph ($53.20) and payment to CSAA insurance to satisfy medical payment reimbursement for medical care previously provided ($314.79).

        e.    $40,000.00 payable by electronic funds transfer to Carter Law Group Trust Account and Plaintiffs Rosa Popp and Andrew Popp with distributions as follows:

            i.    $461.39 for costs and expenses that were incurred and advanced by counsel.

            ii.    $10,000.00 for attorney's fees.

            iii.  $105.77 contractual reimbursement to Anthem Blue Cross for medical expenses paid.

            iv.   $1,287.80 contractual reimbursement to CSAA insurance to satisfy medical payment reimbursement obligations for medical care paid by CSAA insurance.

            v.    $28,145.04 as net recovery to Rosa Popp and Andrew Popp.

    2.    The parties are directed to file disposition documents within sixty (60) days of the date of this Order.

    IT IS SO ORDERED.

Dated: February 25, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE